# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2354

_____

| | | |
|---|---|---|
| James Carroll, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Eric Mays, Individually and in official | * | |
| capacity as police officer for City of | * | [UNPUBLISHED] |
| Warren, AR, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: February 16, 2001
Filed: May 16, 2001

_____

Before BOWMAN, HEANEY, and LOKEN, Circuit Judges.

_____

PER CURIAM.

After a non-jury trial of plaintiff James Carroll's 28 U.S.C. § 1983 action, the District Court[1] granted judgment to defendant Eric Mays on the ground of qualified immunity. Carroll appeals, arguing that the District Court erred as a matter of law in holding that in the circumstances of the case Mays was immune from suit.

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

Having reviewed the case and considered all of Carroll's arguments for reversal, we conclude the District Court did not err in granting Mays qualified immunity and dismissing Carroll's § 1983 claim. We are satisfied that Mays had an ample factual basis to believe that Carroll had threatened his former wife in violation of a protective order, and that the detention of Carroll for nearly two hours while officers investigated the status of the protective order in question was reasonably necessary to achieve the purpose of the detention. We agree with the District Court there were valid security reasons for not taking Carroll to his home to check out his story (which turned out to be true) that the protective order against him had been rescinded. Though the District Court did not discuss the case in terms of probable cause, we think the record would support the conclusion that Mays had not only reasonable suspicion but also probable cause for Carroll's detention.

In short, the record fully supports the District Court's conclusion that Mays's conduct was objectively reasonable in light of clearly established federal law and that he therefore was entitled to qualified immunity. Moreover, based on the District Court's findings of fact, none of which appears to be in dispute, we believe the court could just as well have gone straight to the merits and decided the case on the ground that Mays's conduct did not violate the Constitution. In any event, for the reasons fully explained in the District Court's memorandum opinion, we affirm. See 8th Cir. R. 47B.

HEANEY, Circuit Judge, dissenting.

The district court and the majority have concluded that Mays was immune from suit because he was properly conducting a Terry stop. After reviewing the district court's findings of fact, it is my view that Mays exceeded the bounds of the Terry stop and that Carroll was arrested. I therefore respectfully dissent.

The district court found that Mays pursued Carroll's car, stopped him, and ordered Carroll from the car at gunpoint. Mays and another officer searched Carroll's

car, handcuffed him, and then transported Carroll and his car to the police station. Carroll was then detained at the station for two hours. The district court noted that "the detention of Carroll appears to push the boundaries of a proper investigative stop," but ultimately concluded that the stop was not unreasonable. Carroll v. Mays, No. 99-1009, slip op. at 5-6 (W.D.Ark. April 18, 2000)

The applicable case law, however, does not support that legal conclusion. A Terry stop can become an arrest depending on its duration and the amount of force that is used. See Dunaway v. New York, 442 U.S. 200, 212 (1979). See also United States v. Navarrete-Barron, 192 F.3d 786, 790 (8th Cir. 1999) (officers must "employ the least intrusive means of detention and investigation, in terms of scope and duration, that are reasonably necessary to achieve the purpose of the Terry stop."); United States v. Rheinholz, 2001 WL 300560, 8 (8th Cir.2001) (handcuffing and detention in police car constituted an arrest).

Given the circumstances surrounding the stop and the two hour detention at the police station, I cannot agree with the district court, or the majority, that this was permissible as a Terry stop. Further, it is far from clear that Mays had probable cause to detain Carroll. The district court did not reach this issue and the state of the record is inadequate for the majority to assume that there was probable cause. I would therefore reverse and remand for further proceedings.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.